IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE CASTRO-VEGA,

                Plaintiff,                          CV-07-675-ST

     v.                                       FINDINGS AND
                                                            RECOMMENDATION

STEVE WAIBLE, individually; JOANNE REESE,
individually; and OLYMPIC HOME
IMPROVEMENTS, LLC, an Oregon limited
liability company,

                Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff brings this action against defendants for violating the federal Fair Labor Standards Act ("FLSA"), 29 USC §§ 201-219, and various Oregon wage and hour laws and for breaching a contract by failing to pay him all wages earned for work performed for three weeks in March 2006. The court entered a default order on August 2, 2007 against all defendants for failing to appear (docket # 10). Plaintiff now seeks a default judgment against all defendants in

1 - FINDINGS AND RECOMMENDATION

the sum of $6,182.98. For the reasons set forth below, the amount of the judgment should be reduced to $5,730.78, and no judgment should be entered against defendants Steve Waible or Joanne Reese.

## FINDINGS

**I.  Persons Liable**

Plaintiff seeks a judgment against all three defendants, jointly and severally, on the basis that they all employed him.

With respect to the claims for violating Oregon's wage and hour laws, defendants are liable if they were plaintiff's employer. *Taylor v. Werner Enterprises, Inc.,* 329 Or 461, 467, 988 P2d 384, 388 (1999). ORS 652.310(1) defines "employer" as "any person who in this state, directly or through an agent, engages personal services of one or more employees. . . ." ORS 652.360, to which this definition explicitly applies, prohibits employers from using "special contract[s]" or "any other means" to "exempt the employer from any provision of or liability or penalty imposed" under "any statute relating to the payment of wages." The definition of employer in ORS 652.310(1) controls plaintiff's claims under ORS 652.150 and ORS 653.055.

Under the FLSA, the verb "employ" means "to suffer or permit to work." 29 USC § 203(g). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 USC § 203(d). "The Supreme Court has instructed that courts are to interpret the term 'employ' in the FLSA expansively." *Hale v. State of Arizona,* 993 F2d 1387, 1393 (9th Cir), *cert. denied,* 510 US 946 (1993), citing *Nationwide Mutual Ins. Co. v. Darden,* 503 US 318, 326-27(1992). In light of this broad interpretation, the question of "whether there is an employment relationship under the FLSA is

tested by 'economic reality' rather than 'technical concepts.'" *Hale,* 993 F2d at 1393, quoting *Goldberg v. Whitaker House Cooperative,* 366 US 28, 33 (1961). Furthermore, there may be more than one "employer." *See* 29 CFR § 791.2 (describing various "joint" employment situations).

Plaintiff alleges that Olympic Home Improvements, LLC ("Olympic") "is an Oregon limited liability company" engaged in the "construction business." Complaint, ¶ 9. Plaintiff alleges that he was employed, "through an unlicensed subcontractor named 'Sabas,'" in order "to perform siding work on townhouses being built by Olympic Home Improvements in Hillsboro, Oregon." *Id* at ¶¶ 11 & 13. Plaintiff claims that Sabas was an "agent" of Olympic. Declaration of Jose Castro-Vega in Support of Application for Entry of Final Judgment ("Castro-Vega Decl."), ¶ 6. Thus, Olympic qualifies as plaintiff's employer under both federal and Oregon law, even though it may have hired plaintiff through an unlicensed subcontractor.

However, it is far from clear, and plaintiff makes no attempt to justify, that either Steve Waible or Joanne Reese also qualify as plaintiff's employer. The Complaint alleges that defendant Steve Waible "is the general manager of Olympic Home Improvements and managed Olympic Home Improvements' employment" of him and that Joanne Reese "is the manager and registered agent of Olympic Home Improvements, and managed Olympic Home Improvements' employment of, and Mr. Waible's management of Mr. Castro." Complaint, ¶¶ 7-8.

Members of a limited liability company "who are also professionals, as defined in ORS 58.015, shall be personally liable . . . to the same extent and in the same manner as provided for shareholders of a professional corporation in ORS 58.185 and 58.187." ORS 63.074(2). Under ORS 58.185, a shareholder of a professional corporation is personally liable

"i[n] the rendering of professional services . . . only for negligent or wrongful acts or omissions or misconduct committed by the shareholder, or by a person under the direct supervision and control of the shareholder" and is jointly and severally liable with other shareholders for such acts. Otherwise, a member is not personally liable for the "debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise . . . ." ORS 63.165(1).

Plaintiff does not allege that either Steve Waible or Joanne Reese are members of Olympic. Instead he alleges only that they managed Olympic and its employment of plaintiff. Merely managing a limited liability company does not make a person a joint employer along with the company. Even if plaintiff alleged that Steve Waible and Joanne Reese were members, they would not be personally liable for the company's violations of federal and state wage and hour laws. Absent evidence sufficient to pierce the corporate veil of the limited liability company, or some other viable legal theory, defendants Steve Waible and Joanne Reese should not be held jointly and severally liable with Olympic for violations of federal and state wage and hour laws.

II. **Amount of Damages**

    A. **Breach of Contract**

Plaintiff entered into an oral employment contract by which he was to receive $75.00 per eight hour workday, or the equivalent of $9.38 per hour. Plaintiff worked an average of 57 hours per week for three weeks (15 days) in March 2006, but received only one payment of $250.00 at the end of the first week.

Plaintiff claims that he is owed wages for breach of contract in the sum of $1,593.17, which represents three weeks of regular and overtime pay ($1,843.17)[1] minus the $250.00 he was paid. Declaration of Meg Heaton in Support of Application for Entry of Final Judgment ("Heaton Decl."), Exhibit 2. This calculation is not accurate.

First, the terms of the oral contract, as reported by plaintiff, did not cover what, if anything, defendants would pay plaintiff for overtime work. Therefore, any recovery for overtime must be had under the FLSA and not as contract damages.

Second, plaintiff admits that he received a payment of $250.00 for "approximately one week" of work. Castro-Vega Decl., ¶ 4. If true, it is reasonable to assume that $250.00 was the net pay, as opposed to the gross pay, due plaintiff for one week of work since defendants would have taken out statutorily mandated withholdings. *See* 26 USC §§ 3102 (FICA tax) & 3402 (income tax). Because plaintiff had already been paid wages for his first week, he is only due wages under his contract for his other two weeks of work, or $750.00 ($75.00/day times 10 days).[2]

### B. FSLA Overtime Wages

The FLSA provides that a covered employee must receive "not less than one and one-half times the regular rate at which he is employed" for each hour worked over 40 hours in a workweek. 29 USC § 216(b). Plaintiff contends that he worked 57 hours per week for all three weeks he was employed by Olympic. Castro-Vega Decl., ¶¶ 3 & 5. At $75.00 per day,

---

[1] Although not clear from his submission, plaintiff apparently calculates this amount as follows: Regular wages [$9.38/hour x 40 hours/week x 3 weeks] + Overtime wages [$14.07/hour x 40 hours/week x 3 weeks] = $1,843.17

[2] Plaintiff will be responsible for satisfying any tax obligation incurred on this amount.

plaintiff's hourly wage was $9.38 per hour, and his overtime wage would have been $14.07 per hour. Therefore, one week of unpaid overtime equals $239.19.

Despite the plain language of the statute, plaintiff calculates his overtime wages using federal wage law. Based on working 57 hours per week at the federal minimum wage in March 2006 of $5.15 per hour, plaintiff calculates that under the FLSA, he earned $106.00 in regular wages and an additional $131.41 in overtime wages, for a total of $337.41 in earned wages per week However, by plaintiff's reckoning, he was only paid $250.00 approximately one week after he began work, entitling him to unpaid overtime wages for that week.

Plaintiff does not seek the actual amount of unpaid overtime wages, but instead seeks only liquidated damages for that one week in the sum of $87.41. Heaton Decl., Exhibit 2. However, under 29 USC § 216(b), he is entitled to recover both the amount of "unpaid overtime compensation . . . and an additional *equal* amount as liquidated damages." 29 USC § 216(b) (emphasis added). Furthermore, this court can find no support for the proposition that the FLSA requires this court to calculate overtime or liquidated damages using federal wages as opposed to using "the regular rate at which he [was] employed." Thus, in addition to his ordinary wages (discussed above), plaintiff should receive unpaid overtime in the amount of $239.19 per week plus an additional $239.19 in liquidated damages for each week of unpaid overtime requested.

Because plaintiff requests only one week of overtime and liquidated damages (for some unspecified reason), only one week should be awarded, but in the amount of $478.38 ($239.19 overtime + $239.19 liquidated damages).

///

///

### C. State Law Claims

To avoid duplicative recovery with the FLSA, plaintiff seeks only the recovery of penalty wages under ORS 652.150 for failure to promptly pay wages after termination as required by ORS 652.140 and for failure to pay the minimum wage as required by ORS 653.055. Plaintiff correctly calculates the penalty under ORS 652.150 as $2,251.20 based on his hourly rate of $9.38 ($75/day divided by eight hours) multiplied by eight hours and multiplied again by 30 days.

Both penalties are available "[w]here there are two separate statutory schemes and two separate remedies, each with its own purpose." *Hurger v. Hyatt Lake Resort, Inc.*, 170 Or App 320 323, 13 P3d 123, 124 (2000), *rev. denied*, 331 Or 583, 19 P3d 355 (2001). Accordingly, separate penalties are available for the failure to pay overtime wages which "can occur during employment" and the failure to pay vacation wages after termination which "occurs after the employment relationship has ended" because they "remedy two distinct statutory violations that arise out of different factual contexts and accrue at different times." *Cornier v. Tulacz*, 176 Or App 245, 249, 30 P3d 1210, 1212 (2001). However, recovery is not allowed of both a penalty for violation of the minimum wage statute, ORS 653.033, where "the employee's regular wage rate complies with the statutory minimum requirement," and a penalty for late payment of wages after termination under ORS 652.140. *Hurger*, 170 Or App at 326, 13 P3d at 126. In *Hurger*, the employer did not pay wages the employee until two weeks after termination, but those wages complied with the minimum wage requirements. In that event:

> the minimum wage component is automatically subsumed within the wage rate on which the penalty under ORS 652.150 is computed for the violation of ORS 652.140 itself. To impose a separate penalty under ORS 652.150 under these circumstances, would constitute a second

7 - FINDINGS AND RECOMMENDATION

> penalty based on an amount that has already been included in the penalty
> that the employee has recovered for the untimeliness of the final payment
> under ORS 652.140.

*Id*.

Here, plaintiff's regular wage rate of $9.38 (based on $75.00 for eight hours) did comply with Oregon's minimum wage law ($7.50 per hour for work performed in 2006). However, plaintiff was paid only $250.00 for 57 hours of work at the end of the first week. Even if $250.00 is the net pay and the gross pay is approximately $375.00, plaintiff was paid less than Oregon's minimum wage. Without the overtime premium, he was paid $6.58 per hour ($375.00 divided by 57 hours) and even less per hour with the overtime premium. Thus, the failure to pay a minimum wage is a separate violation from the failure to promptly pay wages upon termination, entitling plaintiff to recover penalties for both violations ($2,251.02 + $2,251.02 = $4,502.40).

In addition, plaintiff claims separate injuries for violation of the overtime rules under federal law and for failure to pay the minimum wage and failure to promptly pay wages upon termination under state law. Thus, he avoids any double recovery under the remedial provisions of both state and federal law. *See Mathis v. Housing Authority of Umatilla Cty.*, 242 F Supp2d 777 (D Or 2002).

## RECOMMENDATION

For the reasons set forth above, a default judgment should be entered against defendant Olympic Home Improvements in the sum of $5,730.78 ($750.00 + $478.38 + $4,502.40), and defendants Steve Waible and Joanne Reese should be dismissed.

## SCHEDULING ORDER

8 - FINDINGS AND RECOMMENDATION

Objections to the Findings and Recommendation, if any, are due November 28, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 7th day of November, 2007.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge