UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE CASTRO-VEGA,

        Plaintiff,

v.

STEVE WAIBLE, individually; JOANNE REESE, individually; and OLYMPIC HOME IMPROVEMENTS, LLC, an Oregon limited liability company,

        Defendants.

Civil No. 07-675-ST

ORDER

HAGGERTY, Chief Judge:

    Magistrate Judge Stewart issued a Findings and Recommendation [21] recommending that a default judgment should be entered against defendant Olympic Home Improvements (Olympic) in the sum of $5,730.78 ($750.00 + $478.38 + $4,502.40), and that defendants Steve Waible and Joanne Reese should be dismissed.

    Objections [22] to portions of the Findings and Recommendation were filed by plaintiff. The matter was then referred to this court for review.

1 -- ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, plaintiff's objections, and the Record of the case.

ANALYSIS

Plaintiff brought this action against defendants alleging that they violated the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, and various Oregon wage and hour laws and also breached a contract by failing to pay him all wages earned for work performed for three weeks in early 2006. A default order was entered on August 2, 2007, against all defendants for failing to appear [10].

Plaintiff sought a default judgment against all defendants. As noted above, the Findings and Recommendation recommends that a default judgment should be entered against Olympic in the sum of $5,730.78, but that defendants Steve Waible and Joanne Reese should be dismissed.

Plaintiff challenges the Findings and Recommendation's evaluation that "it is far from clear, and plaintiff makes no attempt to justify, that either Steve Waible or Joanne Reese . . . qualify as plaintiff's employer." Findings and Recommendation at 3. The Findings and Recommendation concluded that "[a]bsent evidence sufficient to pierce the corporate veil of the limited liability company, or some other viable legal theory, defendants Steve Waible and Joanne Reese should not be held jointly and severally liable with Olympic for violations of federal and state wage and hour laws." Findings and Recommendation at 4.

Plaintiff objects to this conclusion. Plaintiff asserts that his "uncontested allegations that Steve Waible is the general manager of [Olympic] and managed [Olympic's] employment of him, and that Joanne Reese is the manager and registered agent of [Olympic], and managed [Olympic's] employment of, and Mr. Waible's management" of plaintiff, are sufficient to establish the employer status – and joint and several liability – of both Waible and Reese with respect to plaintiff's claims brought under the FLSA and various Oregon wage and hour laws. Obj. at 3 (internal quotation omitted; citing Complaint, ¶¶ 7-8).

This court agrees. The Findings and Recommendation acknowledged that plaintiff's uncontested Complaint alleges that defendant Waible is the general manager of Olympic and that defendant Reese is the manager and registered agent of Olympic, but concluded that plaintiff failed to allege that either Waible or Reese "are members of Olympic," and that "[m]erely managing a limited liability company does not make a person a joint employer along with the company." Findings and Recommendation at 4.

However, the FLSA definition of employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Moreover, this court has recognized that the term "employer" is to be construed liberally:

> As with worker protection statutes in general, the definition of employer under the FLSA is to be read broadly to give effect to the acts' remedial purposes. *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983). While reviewing all the facts of the particular situation, the Court has instructed that "[t]he touchstone is 'economic reality.'" *Id.* (quoting *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961)).

*Sanchez-Calderon v. Moorhouse Farms*, 995 F. Supp. 1098, 1107 (D. Or. 1997).

The *Sanchez-Calderon* court applied the four-factor test endorsed by the Ninth Circuit under *Bonnette* to identify an employer, in which the court asks whether the alleged employer (1)

3 -- ORDER

had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Id.* (quoting *Bonnette*, 207 F.2d at 1470).

The court also recognized that under the FLSA, a person may be an employer but not have an ownership interest in the employing business. *Id.* (internal quotation and citation omitted). Indeed, the definition of "employer" as the term should be reasonably construed for plaintiff's claims, allows for "several simultaneous employers who may be responsible for compliance with the law." *Corley v. Carco Capital Corp.*, 2006 WL 1889563, *2 (W.D. Ark. July 10, 2006) (citations omitted).

Additionally, "[t]he FLSA contemplates, at least in certain circumstances, holding officers with . . . personal responsibility for statutory compliance jointly and severally liable along with the corporation." *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st. Cir. 1983)). In *Chao*, the First Circuit concluded that the corporate officer who was "principally in charge of directing employment practices, such as hiring and firing employees" was properly held personally liable for his company's compensation decisions, regardless of the degree of that officer's ownership interests in the company. *Id.* at 34 n.9 (citing *Agnew*, 712 F.2d at 1511 and *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983)).

In light of relevant existing law on these matters, and viewing the allegations contained in the uncontested Complaint as true, this court concludes that defendants Waible and Reese must be construed as "employers" for the purposes of plaintiff's claims, and that these defendants shall be held jointly and severally liable for plaintiff's wages and the award calculated in the Findings and Recommendation for this action's default judgment.

CONCLUSION

For the reasons provided, the Findings and Recommendation [21] is ADOPTED IN PART AS FOLLOWS: Plaintiff's Motion for a Default Judgment [14] is GRANTED in the amount of $5,730.78. Defendants Steve Waible and Joanne Reese are jointly and severally liable with Olympic for the violations of federal and state wage and hour laws, and this default judgment.

IT IS SO ORDERED.

Dated this 5 day of February, 2008.

                                              Ancer L. Haggerty
                                         United States District Judge

5 -- ORDER