IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE CASTRO-VEGA,

     Plaintiff,       CV-07-675-ST

   v.           FINDINGS AND
              RECOMMENDATION
STEVE WAIBLE, individually; JOANNE REESE,
individually; and OLYMPIC HOME
IMPROVEMENTS, LLC, an Oregon limited
liability company,

       Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

On February 6, 2008, the court entered a Default Judgment in favor of plaintiff and

against all defendants, jointly and severally, in the amount of $5,730.78 on plaintiff's claims that

defendants violated the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201-219, and various

Oregon wage and hour laws (docket # 25).  On February 22, 2008, plaintiff filed a motion

1 - FINDINGS AND RECOMMENDATION

seeking attorney fees in the sum of $7,319.50 and costs in the sum of $67.43 (docket # 26).  On

May 2, 2008, that motion was denied with leave to refile because it was untimely filed and not

properly supported (docket # 33).  On May 22, 2008, plaintiff filed an Amended Motion for

Attorney Fees and Costs (docket # 34).  For the reasons set forth below, that motion should be

granted in the sum of $6,989.93.

<u>**FINDINGS**</u>

**I.**    <u>**Applicable Law**</u>

The FLSA requires an award of a reasonable attorney fees and costs to the prevailing

plaintiff.  29 USC § 216(b).  Oregon law also mandates an award of attorney fees and costs to a

prevailing employee in any action for the collection of wages, unless "the employee has willfully

violated the contract of employment or unless the court finds that the plaintiff's attorney

unreasonably failed to give written notice of the wage claim to the employer before filing the

action."  ORS 652.200(2).  Further, under Oregon law, the court may award attorney fees in an

action for overtime or minimum wage violations.  ORS 653.055(4).  Based on the Default

Judgment, plaintiff is the prevailing party and, therefore, is entitled to an award of reasonable

attorney fees and costs.

**II.**    <u>**Timeliness**</u>

According to FRCP 54(d)(2)(B), a claim for attorney fees and related nontaxable expenses

must be made by motion "filed no later than 14 days after the entry of judgment" unless otherwise

provided by statute or court order.  Similarly, the Bill of Costs is due 14 days after entry of

judgment.  LR 54.1(a).  The Default Judgment was entered on February 6, 2008 (docket # 25),

and plaintiff filed his motion for attorney fees and costs 16 days later on February 22, 2008

2 - FINDINGS AND RECOMMENDATION

(docket    # 26).  Plaintiff did not file a motion to extend the time or otherwise indicate why or how this late filing should be excused.  However, in the amended motion, plaintiff's attorney explains that when she filed the original motion, she believed that the deadline had not yet passed. Heaton Decl. II (docket # 36), ¶ 12.  She does not remember if she was mistaken about the date the Default Judgment was entered or simply miscounted the 14-day time period.  *Id*.  Because she was unaware of her error, she failed to file a motion to extend time or otherwise indicate why the late filing should have been excused.  *Id* at ¶ 13.

Because the 14-day deadline has already expired, plaintiff's request to excuse the late filing is properly treated as a motion under FRCP 6(b)(1)(B) to allow filing after the expiration of the deadline because of "excusable neglect."  *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F3d 814, 824 (9th Cir 1996).  "[I]nadvertence, ignorance of the rules, and mistakes construing the rules do not usually constitute 'excusable neglect.'"  *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship,* 507 US 380, 392 (1993).  More compelling examples of excusable neglect are "illness, injury or death of counsel, or members of his family, or fire, flood, vandalism or destruction of counsel's law office or word processing equipment."  *Committee for Idaho's High Desert*, 92 F3d at 82.  "Whether the mistake is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  *Pioneer Inv. Services Co.,* 507 US at 395.

3 - FINDINGS AND RECOMMENDATION

Considering the relevant circumstances, this court concludes that even though plaintiff's failure to comply with the 14-day deadline was within its own control, its failure to timely file its motion was nonetheless excusable neglect. First, plaintiff filed its motion only two days late, causing no prejudice to defendants who are in default. Regardless of when the motion was filed, defendants would not have responded. Second, the two day delay did not adversely impact any further judicial proceedings. Finally, this court has have no reason to doubt plaintiff's good faith. *See Sugarbaker v. SSM Health Care*, 187 F3d 853, 856 (8th Cir 1999) (excusing filing of motion for attorney fees one day late due to miscalculation of time).

## III.    Reasonableness of Attorney Fee Sought

The calculation of a reasonable attorney fee begins with a determination of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 US 424, 433 (1983). In doing so, the court must consider those factored identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67 (9th Cir 1975), *cert denied*, 425 US 951 (1976) which have now been subsumed within the initial lodestar calculation. *Cunningham v. County of Los Angeles*, 879 F2d 481, 487 (9th Cir 1988), *cert denied*, 493 US 1035 (1990). Subsumed factors include: (1) novelty and complexity of the issues; (2) special skill and experience of counsel; (3) quality of the representation; (4) the results obtained; and (5) the superior performance of counsel.[1] After calculating the lodestar, the fee may be adjusted by any nonsubsumed factors identified in *Kerr*.

Because defendants have not appeared and have been held in default, they filed no objection to entry of the Judgment or to plaintiff's motion for attorney fees and costs.

---

[1] The Ninth Circuit has explained that a "rote recitation of the relevant factors is unnecessary" so long as the district court adequately explains the basis for the award. *O'Neal v. City of Seattle*, 66 F3d 1064, 1069, n5 (9th Cir 1995).

Nevertheless, "the district court [is] required to independently review plaintiffs' fee request even absent defense objections." *Gates v. Deukmejian*, 987 F2d 1392, 1401 (9th Cir 1993); *Sealy, Inc. v. Easy Living, Inc.*, 743 F2d 1378, 1385, n3 (9th Cir 1984).

### A.    **Hourly Rates**

In determining a reasonable attorney fee, this court must look at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 US 886, 895 (1984).  The relevant community "is one in which the district court sits." *Davis v. Mason County*, 927 F2d 1473, 1488 (9th Cir 1991) (citations omitted), *cert denied*, 502 US 899 (1991).  These rates are set by determining what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Blum*, 465 US at 895 n11.  In order to meet this burden of proof, the fee applicant must "produce satisfactory evidence – in addition to the attorney's own affidavits – " that the requested rates are prevailing market rates under this standard. *Id*.  In determining reasonable hourly rates, the most recent Economic Survey published by the Oregon State Bar is a starting point. *Roberts v. Interstate Distributor Co.*, 242 F Supp2d 850, 857 (D Or  2002).

Plaintiff's fee petition is based solely on declarations submitted by his two lawyers: D. Michael Dale and Meg Heaton.  Mr. Dale, the Executive Director of the Northwest Workers' Justice Project, has more than 30 years experience in the private practice of law, specifically employment litigation.  Dale Decl. II (docket # 37), ¶¶ 1, 3.  He states that his hourly billing rate is $275.00 which, according to the 2007 Oregon State Bar Economic Survey, is less than the average hourly billing rate of $287.00 for attorneys in downtown Portland with more than 30 years of experience. *Id* at ¶¶ 4-5.  He also states that, due to his experience, he is in the 75th

percentile of Portland lawyers who represent plaintiffs, excluding personal injury, whose average

hourly billing rate, according to the same survey, is $294.00.  *Id* at ¶ 5.

Although the 2007 Oregon State Bar Economic Survey is an important tool on which this

court relies to determine a reasonable hourly rate, it is not the only tool.  The court also relies on

affidavits from other attorneys familiar with hourly rates in the area, as well as on prior attorney

fee awards.  Plaintiff has not submitted any of this additional information.  However, based solely

the minimal information submitted, $275.00 appears to be a reasonable hourly rate for Mr. Dale.

Ms. Heaton, a staff attorney at the Northwest Workers' Justice Project, has been in private

practice for two and a half years.  Heaton Decl. II (docket # 36), ¶¶ 1, 3.  She states that her

hourly billing rate is $145.00, which, according to the 2007 Oregon State Bar Economic Survey,

is less than the average hourly billing rate of $177.00 for attorneys in downtown Portland with 0-

3 years of experience.  *Id* at ¶¶ 4-5.  Plaintiff submitted no other information concerning Ms.

Heaton's experience or the reasonableness of her hourly rate.  However, the minimal information

before the court suggests that her hourly rate is reasonable.

## B.    Hours Expended

In the original motion, plaintiff sought an award for a total of 37.3 hours, consisting of

14.7 hours by Mr. Dale and 22.6 hours by Ms. Heaton.  The amended motion increases the total

number of hours to 48.5, consisting of 15.4 hours by Mr. Dale and 33.1 hours by Ms. Heaton.

This increase is attributable in part to an additional 0.7 hour by Mr. Dale on February 22, 2008,

conferring with Ms. Heaton and reviewing the original motion.  The source of increase in Ms.

Heaton's hours is not clear.  However, it appears that the original motion miscalculated her

number of hours as 22.6 instead of 28.2 through November 2007.  She also expended an

6 - FINDINGS AND RECOMMENDATION

additional 3.3 hours in February 2008 finalizing the original motion and an additional 1.6 hours in May 2008 preparing the amended motion.

In contrast to the original motion, plaintiff has now submitted his attorneys' time entries which allow this court to determine how much time was spent on specific tasks. Plaintiff carries the burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel has made a good faith effort to exclude from the fee request hours that are "excessive, redundant or otherwise unnecessary." *Hells Canyon Pres. Council v. United States Forest Serv.*, 2004 WL 1853134, *9 (D Or Aug. 18, 2004), quoting *Hensley v. Eckerhart*, 461 US 424, 434 (1983). For that reason, courts disallow time entries where the tasks listed give the appearance of being primarily clerical in nature. *See Jacobs v. Local Union 48, IBEW*, 2002 WL 31470403, *3-4 (D Or March 21, 2002); *Frevach Land Co. v. Multnomah Cty., Dept. of Envtl. Services*, 2001 WL 34039133, *12 (D Or Dec. 18, 2001). Courts also disallow time entries indicating that more than one lawyer performed the same task. *See Taylor v. Albina Cmty. Bank*, 2002 WL 31973738, *4-5 (D Or Oct. 2, 2002).

Based on billing records, plaintiff's attorneys expended time for over four months prior to filing the Complaint in late May 2007 on a claim to the Construction Contractors Board. Nothing in the record indicates that this time was necessary in order to prosecute this case or to satisfy any jurisdictional prerequisite. As a result, it is not recoverable. That time consists of all hours expended by Mr. Dale prior to April 30, 2007, except for the initial call from plaintiff (0.5), followed by intake (0.9) and a letter to plaintiff (0.3) in January 2007 and the calculation of unpaid wages (0.4) in February 2007, for a total deduction of 4.2 hours. Similarly, the 4.7 hours

7 - FINDINGS AND RECOMMENDATION

expended by Ms. Heaton from February 2007 until she began drafting the Complaint on April 26, 2007, is not recoverable.

In addition, plaintiff can recover neither the 0.3 hour spent by Ms. Heaton on May 30, 2007, to mail the complaint, which is a clerical task, nor the 1.6 hours she spent in May 2008 in connection with the amended motion for attorney fees. Defendants should not bear the burden of plaintiff's mistakes made with respect to the original motion for attorney fees.

As a result, plaintiff is entitled to recover fees in the sum of $6,922.50, consisting of 11.2 hours by Mr. Dale times $275.00/hour ($3,080) plus 26.5 hours by Ms. Heaton times $145/hour ($3,842.50).

**III.    Costs**

Plaintiff also requests costs of $67.43 for litigation expenses. Correcting the deficiency in his original motion, plaintiff now submits a list of those expenditures (postage and process server) and Ms. Heaton's certification that those expenditures are accurate. Heaton Decl. II, ¶¶ 9-10 & Ex. 2. Although Ms. Heaton does not certify that these expenses were reasonable and necessary, their very nature reveals their reasonableness and necessity. Therefore, plaintiff is entitled to recover these expenses.

**RECOMMENDATION**

For the reasons set forth above, Plaintiff's Amended Motion for Attorney Fees and Costs (docket # 34) should be GRANTED in the sum of $6,989.93 ($6,922.50 attorney fees + $67.43 litigation expenses).

///

///

## <u>SCHEDULING ORDER</u>

Objections to the Findings and Recommendation, if any, are due June 13, 2008.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 28th day of May 2008.


/s/ Janice M. Stewart_
Janice M. Stewart
United States Magistrate Judge


9 - FINDINGS AND RECOMMENDATION